### DUNIGAN v. GREENAN.

No. 28235.     April 19, 1938.

Rehearing Denied May 10, 1938.

Luther P. Lane, for plaintiff in error.

P. H. Moroney, for defendant in error.

PHELPS, J. This was an action on a promissory note, by the plaintiff payee against the defendant maker. Plaintiff recovered a verdict and judgment, and the defendant appeals.

The first contention is that the judgment is contrary to the evidence and the law, the entire argument in this connection being that the action was barred by the five-year statute of limitations applicable to notes, and that the evidence so indicated. The note was executed January 4, 1924, payable in 60 days. The last payment which defendant admits having made was on April 17, 1931. He concedes that this payment, although made later than five years after the last preceding payment, revived actionability on the note. He denied that he made any further payment at all on the note, while plaintiff testified that defendant did make a $50 cash payment on January 17, 1932. The action was filed January 5, 1937, which was less than five years after January 17, 1932, but more than five years after April 17, 1931.

The case, therefore, rested on a comparatively simple issue of fact, namely, whether defendant made a payment on January 17, 1932. The defendant testified that he did not make any payment on January 17, 1932, or at any time later than April 17, 1931, while the plaintiff testified directly to the contrary. One of plaintiff's corroborating witnesses may have been confused as to the date of the payment he was attempting to describe, or, as suggested by counsel, plaintiff may have been falsifying, but the jury evidently did not think so. The fact remains that plaintiff did testify that the last payment was made to him, in cash, in person, in his office, on January 17, 1932. An indorsement to this effect appears on the note. It is true, as contended by defendant, that when defendant made the April 17, 1931, payment, plaintiff went to great trouble to have said payment witnessed by others, in order that he would

have proof that the note had been revived, while plaintiff took no such precaution as to the last payment which he testified had been made. Yet, if this conduct was inconsistent with his testimony, it was merely a question affecting his credibility, and was solely for the jury's consideration. We would not be authorized to reverse the judgment for that reason. It may be that the jury considered plaintiff's explanation, as to why he did not take the same precaution as to the latter payment that he took as to the first payment, sufficient and acceptable. No further discussion of that proposition is necessary, other than to repeat the familiar rule that where there is any evidence reasonably tending to sustain the verdict of a jury, same will not be disturbed as to fact findings on appeal.

The next contention is that the court erred in not sustaining defendant's motion to dismiss the action for defect in the parties plaintiff, when the evidence developed that the $500 which was loaned defendant was in the form of a check issued to defendant by the corporation owned solely by plaintiff, instead of being issued by plaintiff personally. This contention is not meritorious. The undisputed evidence is that the transaction was solely between the parties; the note which defendant signed was made payable to plaintiff alone, and defendant never at any time contended that he had borrowed any money from the corporation. The method of disbursing the money to defendant, whether by plaintiff's personal check or the check of the corporation owned solely by him, is immaterial under the circumstances of the case, those circumstances failing to indicate that defendant was, under any theory, obligated to the corporation.

W. A. Dunigan, defendant in the trial court and plaintiff in error in this court, having died, and M. F. Dunigan having been appointed administrator of his estate and having revived the action in this court in his representative capacity, the judgment is affirmed as against the estate of W. A. Dunigan, deceased, and M. F. Dunigan, administrator of said estate. Judgment is also entered on the supersedeas bond in favor of plaintiff as requested in his brief.

RILEY, CORN, GIBSON, and HURST, JJ., concur.